**Gretchen C. KANE, Plaintiff,**

v.

**HALLMARK INSURANCE COMPANY, a Foreign Corporation, and Robert W. Kassel, Jointly and severally, Defendants.**

**No. 75–2178–Civ–JLK.**

United States District Court,
S. D. Florida.

March 5, 1976.

Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, Fla., for plaintiff.

Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara, Miami, Fla., for defendants.

## ORDER DENYING MOTION FOR CHANGE OF VENUE

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the motion of defendant for change

of venue. The court, having considered the record and being fully advised in the premises, finds and concludes that the motion should be denied.

Defendants seek a transfer of this breach of contract action to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a), which states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Because defendants are citizens of Wisconsin and plaintiff is a citizen of Florida, this action might have been brought in Wisconsin. 28 U.S.C. § 1391(a). However, plaintiff chose, as it was her right, to bring the action in the Southern District of Florida. It is clear that, "a plaintiff's choice of a proper forum is a paramount consideration, in any determination of a transfer request and * * * should not be lightly disturbed". *Shutte v. Armco Street Corp.*, 431 F.2d 22 (3d Cir. 1970), *cert. denied* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971).

Defendants contend that such a transfer would be for the convenience of the parties and witnesses and in the interests of justice. In *Toti v. Plymouth Bus Co.*, 281 F.Supp. 897 (S.D.N.Y.1968), the court said:

> Unless the balance of convenience strongly favors the defendant, the plaintiff's choice of forum will not be disturbed. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). * * * The movant must make a clear-cut showing that, on balance, the interest of justice would be better served and the trial would more conveniently proceed in the other judicial district. * * * Moreover, a showing of inconvenience to the defendant, is not enough to justify § 1404(a) relief, where transfer would merely place the inconvenience on the plaintiff. *Id.*, at p. 898.

■ Applying these principles to the instant case, the court finds that defendant has not made a clear-cut showing that the transfer would, on balance, be more convenient to the parties and witnesses. It appears more likely that a transfer would merely shift the inconvenience from the defendant to the plaintiff. Furthermore, a transfer in this case might well prove prohibitive to the plaintiff's ability to prosecute her cause of action, thereby defeating the "interests of justice".

Defendants further contend in support of their motion that in this diversity action, the applicable law would be Wisconsin law and therefore, it would be appropriate for the cause to proceed in a forum that is at home with the state law governing the claim. The court finds that Florida law will control this cause.

■ First, it is clear that even when a case is transferred under 28 U.S.C. § 1404(a), the transferee district court must follow the state law that would have been applied had there not been a change of venue, *Van Dusen v. Barrak*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), therefore generally, Florida law will apply. Since this is a breach of contract action, the Florida conflict of laws rule that the validity of a contract is to be determined by the law of the place where the contract is made applies. *Walling v. Christian & Craft Grocery Co.*, 41 Fla. 479, 27 So. 46 (1899). Furthermore, to determine where a contract was made, Florida law is that it was made where the place of performance of the last act necessary to complete the contract in accordance with the offer made by the offeror occurs. *Ray-Hof Agencies, Inc. v. Peterson*, 123 So.2d 251 (Fla.1960). In this case, the offer made by the defendant/offeror was conditioned upon the defendant receiving its license to do business in Florida. Therefore, the court finds that the last act necessary to complete this contract in accordance with the offer made by the offeror would have been the granting of the application for license by the Florida State Insurance Commissioner and that would of necessity have taken place in

Florida. The court finds that the contract in the instant case was made in Florida and thus Florida law applies. It is, therefore

ORDERED and ADJUDGED that the motion for change of venue, be and the same is hereby denied.