IRIS MINNIS & another[1] vs. MAUREEN C. PEEBLES.

Middlesex.    February 13, 1987. — July 16, 1987.

Present: PERRETTA, KAPLAN, & WARNER, JJ.

*Conflict of Laws. Jurisdiction,* Forum non conveniens. *Practice, Civil,* Dismissal.

In a negligence action brought in Massachusetts arising from a moped collision in Bermuda in which the plaintiffs, New Jersey residents, and the defendant, a Massachusetts resident, had been involved, the defendant, although claiming that Bermuda was the more appropriate and convenient forum in which to conduct the litigation, failed to show circumstances sufficiently strong to deprive the plaintiffs of their choice of forum where, according due weight to Bermuda's interest in the litigation and any possible complexities in its law, those factors were not sufficiently strong to deny the plaintiffs access to a Massachusetts forum, and where considerations of enforceability of judgment, if one is obtained, access to sources of proof, cost of securing the attendance of witnesses, and, due to the passage of time, the possibility that plaintiffs may be precluded from proceeding in another forum, indicated that the litigation could be conducted more conveniently in a Massachusetts forum. [469-473]

CIVIL ACTION commenced in the Superior Court Department on February 4, 1986.

A motion to dismiss was heard by *Sandra L. Hamlin,* J.

*Richard L. Alfred* for the plaintiffs.

*Paul R. Kelley* for the defendant.

PERRETTA, J. While vacationing in Bermuda in June, 1984, the plaintiffs, New Jersey residents, and the defendant, a Massachusetts resident, were involved in a moped collision. The plaintiffs brought an action for negligence against the defendant in Massachusetts. Claiming that Bermuda was the more appropriate and convenient forum in which to conduct the litigation, the defendant sought dismissal of the complaint. Her motion

---

[1] Alfred Minnis, her husband.

was allowed, and the plaintiffs appeal from the judgment of dismissal. We conclude that the defendant failed to show circumstances sufficiently strong to deprive the plaintiffs of their choice of forum, and we reverse.

I. *The Facts.*

We take the facts from the pleadings and the exhibits and affidavits attached to the motion. The accident occurred on June 27, 1984. The defendant was driving a moped which she had rented from Wheels, Ltd. The plaintiffs were also on a moped. It appears that the issue of liability will turn on which driver was in the appropriate lane and whether the plaintiffs, if in the correct lane, were negligent in veering in the wrong direction in attempting to avoid impact with the defendant.

In addition to the parties, there are three other witnesses to the collision. Two are friends of the defendant and reside in Rhode Island. The third is a resident of Bermuda. The parties and the witnesses gave statements to the officer who arrived upon the scene to render assistance and investigate. The defendant was bruised and scratched, and the plaintiffs were more seriously injured.

At the King Edward Hospital, the plaintiffs accepted only minimal and temporary care, choosing to cut short their trip and return to New Jersey the next day to seek more extensive treatment. Iris Minnis had a shattered elbow. Surgery and physical therapy were required. As of January, 1986, her medical expenses were $4,443.81. Alfred Minnis had seven broken ribs which were treated with bed rest. His medical expenses, as of the same date, were $252.00.

When the defendant rented her moped, she entered into a contract with Wheels, Ltd., the terms of which provided her with insurance coverage under the policy Wheels, Ltd., had with Colonial Insurance Co., Ltd. (Colonial). Although a copy of the policy was not presented to the judge and, therefore, is not a part of the record, it appears from correspondence between Colonial and counsel for the plaintiffs that, unless this controversy is settled or litigated in Bermuda, coverage under the policy is not available to the defendant. As put by Colonial in its letter, the policy "includes a local jurisdiction clause excluding judgments and awards made outside of Bermuda." Further,

Colonial views the plaintiffs' claim for damages in the amount of $315,000,[2] as "unrealistic." According to Colonial, in Bermuda Iris Minnis's claim is worth between $8,000 to $10,000, and Alfred Minnis's claim between $2,000 and $3,000.

There is no other insurance coverage available to the defendant, who has made inquiry of her insurer on a homeowner's policy. It is that insurer's position, stated in a letter to the defendant's attorney, that coverage is excluded under a clause which reads: "We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of any motorized land vehicle or trailer."

II. *Forum Non Conveniens.*

"Assuming jurisdiction and venue are proper, dismissal on the ground of forum non conveniens will rarely be granted; 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Kearsarge Metallurgical Corp.* v. *Peerless Ins. Co.,* 383 Mass. 162, 169 (1981) (footnote omitted), quoting from *New Amsterdam Cas. Co.* v. *Estes,* 353 Mass. 90, 95 (1967). See also *Joly* v. *Albert Larocque Lumber, Ltd.,* 397 Mass. 43 (1986). The question is one which is left largely to discretion, to be exercised by balancing the many considerations set out in *Gulf Oil Corp.* v. *Gilbert,* 330 U.S. 501, 508-509 (1947), quoted with approval in *New Amsterdam Cas. Co.,* 353 Mass. at 95. See also Restatement (Second) of Conflict of Laws § 84 comment c (1971). There are two categories of considerations: matters of public concern and the private interests of the litigants. See *Gulf Oil Corp.* v. *Gilbert,* 330 U.S. at 508-509.

We take up first the matters of public concern. Enforcement of the traffic laws of Bermuda is of greater importance to the citizens of Bermuda than to Massachusetts residents. Moreover, if this litigation is not conducted in Bermuda, it will be Massachusetts residents who may be called upon to undertake their civic responsibility, jury duty, in this controversy of minimal local significance. Further, we are mindful

---

[2] The $315,000, is based upon demands for compensatory and punitive damages for physical injuries and loss of consortium, as well as costs and attorney's fees.

that "[m]any forum non conveniens decisions have held that the need to apply foreign law favors dismissal." *Piper Aircraft Co.* v. *Reyno,* 454 U.S. 235, 260 n.29 (1981). But we note that this controversy is not complex. It is an action in negligence arising out of a moped collision which appears to have been due, in part, to someone's lack of ability to remember that in Bermuda one drives to the left rather than the right. The defendant has alleged no intricacy or peculiarity in the law of negligence of Bermuda. On the other hand, the plaintiffs attached to their memorandum of law in opposition to the motion to dismiss a copy of a chapter of a legal encyclopedia[3] in which the law of negligence, as the plaintiffs claim it would be applied in Bermuda and control in this case, is discussed. Assuming without deciding that the encyclopedia does set out the applicable and controlling law, we find nothing therein so startling or unusual that we would view it burdensome to our courts to apply that law were the matter litigated in Massachusetts. According due weight to Bermuda's interest in the litigation and any possible complexities in its law, *Gulf Oil Co.* v. *Gilbert,* 330 U.S. at 508-509, we nonetheless cannot conclude that these factors are here sufficiently strong to deny the plaintiffs access to our courts.

Turning to the private interests of the litigants, we do not factor into the balance the possibility that the plaintiffs' claims may have less monetary value in Bermuda. See *Gore* v. *United States Steel Corp.,* 15 N.J. 301, 313 (1954) ("[D]ecent judicial administration could not tolerate . . . [such a possibility] as a persuasive or even legitimate reason for burdening metropolitan communities with litigious controversies which arose elsewhere and should in all justice be tried there"). Cf. *Chicago, R.I. & P.R.R.* v. *Igoe,* 220 F.2d 299, 303-304 (7th Cir.), cert. denied, 350 U.S. 822 (1955). Nor should there be any true apprehension about enforcement in Massachusetts of a judgment entered in the courts of Bermuda. See *Schiereck* v. *Schiereck,* 14 Mass. App. Ct. 378, 380 (1982). See also Restatement (Second) of

---

[3] Atkin's Encyclopedia of Court Forms in Civil Proceedings 5-5-9 (Butterworths of London, 1976).

Conflict of Laws § 98 (1971). Neither of these considerations has an effect on the instant balancing process.

Access to the sources of proof is another factor to be considered. A view of the accident scene by the jury is not a compelling reason for litigating the controversy in Bermuda as it seems reasonable to assume that photographs can accurately portray the scene as in most accident cases. Cf. *Gdovin* v. *Catawba Rental Co., Inc.,* 596 F. Supp. 1325, 1326 (N.D. Ohio, 1984). Further, most, if not all, of the medical records concerning the plaintiffs' injuries, care, and treatment are in New Jersey and not with the King Edward Hospital. Cf. *Met-L-Wood Corp.* v. *SWS Indus., Inc.,* 594 F. Supp. 706, 710 (N.D. Ill. 1984).

If the case is tried in Bermuda, there are only two witnesses who will be amenable to process[4] and whose appearance will involve no expense. One is the investigating officer, but, as earlier noted, he did not witness the accident. A copy of his accident report, as it appears in the record appendix, contains information that can best be described as perfunctory. The second witness is the resident of Bermuda who saw the accident as it happened and who is presently subject to depositions.[5] The other witnesses (the two Rhode Island residents and the New Jersey physicians, surgeon, and therapist) are not amenable to process in either forum. Although depositions of non-resident witnesses can be taken and used as evidence in Massachusetts (see Mass.R.Civ.P. 28[a], as appearing in 385 Mass. 1209 [1982], and 28[b], 365 Mass. 779 [1974]; Mass.R.Civ.P. 32[a] [3], as amended 392 Mass. 1105 [1984]), we do not know whether the same is true in Bermuda.

Even if depositions are available to the plaintiffs for use as evidence in Bermuda, live testimony is more preferred because

---

[4] The defendant filed an affidavit agreeing to submit to jurisdiction in Bermuda.

[5] The record appendix reveals that, after judgment entered, a judge (other than the one who had ruled on the motion to dismiss) allowed the plaintiffs to depose the Bermuda resident who witnessed the accident. The costs of the defendant's attorney to attend the deposition are to be paid by the plaintiffs if they "do not succeed on appeal."

it makes an assessment of demeanor possible. Cf. *Grubs* v. *Consolidated Freightways, Inc.,* 189 F. Supp. 404, 410 (D. Mont. 1960); *Galonis* v. *National Bdcst. Co.,* 498 F. Supp. 789, 793 (D. N.H. 1980); *Bolton* v. *Tesoro Petroleum Corp.,* 549 F. Supp. 1312, 1317 (E.D. Pa. 1982). Here, however, no matter where the case is tried, if the accident witnesses from Rhode Island and the plaintiffs' treating physicians, surgeon, and therapist appear, there will be expense to the parties. It seems obvious, however, that the expense will be greater if the forum is Bermuda rather than Massachusetts. There is nothing in the record which even hints about the parties' respective financial means to bear the burden of the certain additional expense of litigating in Bermuda. Increased expenses are a major consideration in the balancing process. Cf. *Goldstein* v. *Rusco Indus., Inc.,* 351 F. Supp. 1314, 1318 (E.D. N.Y. 1972); *AAMCO Automotive Transmissions, Inc.* v. *Bosemer,* 374 F. Supp. 754, 757-758 (E.D. Pa. 1974); *Kane* v. *Hallmark Ins. Co.,* 409 F. Supp. 467, 468 (S.D. Fla. 1976). Upon consideration of these factors, access to the evidence and increased expenses of litigation, we cannot conclude that either tips the scales in the defendant's favor.

There are additional reasons for concluding at this time that Bermuda has not been shown to be the more appropriate forum. We think that a consideration deserving of some notice is the fact that, when the plaintiffs filed their complaint, they obtained an attachment in the amount of $150,000 on the defendant's real estate to secure any judgment to which they might be found entitled. That attachment depends upon the existence of a Massachusetts complaint. See Mass.R.Civ.P. 4.1(a) and (c), 365 Mass. 737 (1974). Although we foresee no problems concerning the recognition of any judgment entered in a court of Bermuda, satisfaction of any such judgment could be a different matter. We do not know the maximum amount of coverage available under Colonial's policy.[6]

---

[6] It seems likely that, if the claims exceed the coverage, Colonial, by now, would have pointed out the maximum amount of coverage available under its policy rather than simply advising that the plaintiffs' demands were "unrealistic," as their claims were of less value in Bermuda.

Moreover, although not a concern at the time of the ruling on the motion to dismiss, we cannot ignore the passage of time. If the plaintiffs are required to commence suit in Bermuda, their action could well be time barred.[7] See and compare, G. L. c. 260, § 2A, with Limitation Act, 1980, § 11(I) (4). Not only do we not know whether the Limitation Act, 1980, or a like law, is applicable, and the plaintiffs' action thus time barred in Bermuda, we also do not know whether any such provision, if controlling, presents an absolute bar or an affirmative defense which, as in Massachusetts, can be waived. See, e.g., Mass.R.Civ.P. 8(c), 365 Mass. 750 (1974). See also *Brown* v. *Great American Indemn. Co.,* 298 Mass. 101, 104 (1937). Further, even if the defendant could waive any such defense available in Bermuda, it also might be that she cannot do so without the consent of the insurer, Colonial.

We conclude that the defendant has not sustained her burden of showing circumstances so strongly in her favor that the plaintiffs should be denied their right to bring suit in Massachusetts, especially now that they may be precluded from proceeding in another forum. Dismissal of the action may have the effect of making it more convenient for the defendant to defend and of having insurance coverage available if she does not do so successfully. But, requiring that any action be brought in Bermuda makes it greatly inconvenient, if not impossible, for the plaintiffs to pursue their claims against her.

If within thirty days after the issuance of this rescript, the defendant were to bring a new motion to dismiss and show that she is willing to accommodate the plaintiffs (to the extent that she is found able to do so) to remove or lessen these hardships, the balance might then be more strongly in her favor. Cf. *Solomon* v. *Continental American Life Ins. Co.,* 472 F.2d 1043, 1047-1048 (3d Cir. 1973); *Seiden* v. *Price Waterhouse & Co.,* 327 F. Supp. 1325, 1327 (S.D. N.Y. 1971); *Alleyne* v. *Nippon Yusen Kaisha,* 328 F. Supp. 30, 32 (E.D.

---

[7] If that is the case, we note that the docket entries in the Superior Court and this court show that it is not a predicament of the plaintiffs' making. They have proceeded expeditiously at all times.

Pa. 1971) (where motions to transfer actions to other Federal districts were allowed upon certain conditions, some of which were imposed by the court pursuant to statutory authority and some of which were agreed to by counsel). As it presently stands, however, the controversy must be resolved in Massachusetts.

*Judgment reversed.*