Sherman, RJ.
This is an action in contract for breach of an equipment lease. The plaintiff has appealed on a charge of error in the trial court’s dismissal of the action on the grounds of forum non conveniens.
The record indicates that plaintiff Leasecomm Corporation (“Leasecomm”), a Massachusetts corporation with headquarters in Waltham, operates nationwide as a finance lessor of business equipment. The defendant is an individual who, at the time in question, conducted a business known as “Alpha and Omega” in Ocoee, Florida. The defendant was interested in obtaining a credit card terminal for use in his business and selected equipment sold by Electronic Merchant Systems (“the vendor”). In accordance with customary finance lease arrangements, see, e.g., Mayflower Seafoods, Inc. v. Integrity Credit Corp., 25 Mass. App. Ct. 453 (1988); Patriot General Life Ins. Co. v. CFC Invest. Co., 11 Mass. App. Ct. 857 (1981), the vendor installed the terminal at the defendant’s place of business; and Leasecomm purchased the equipment from the vendor and leased it to the defendant for a forty-eight (48) month term at a cost of $35.00 per month with an option to purchase at fair market value at the expiration of the lease. The defendant signed both Leasecomm’s standard form Equipment Lease Agreement (“the Agreement”) and a Personal Guaranty of its obligations.
The defendant made nine lease payments and thereafter defaulted. On November 5,1992, Leasecomm instituted this action in the Waltham Division of the District Court Department pursuant to the following provision of the parties’ Agreement:
The parties hereby agree that this Agreement is made in, governed by, to be performed in, and shall be construed in accordance with the laws of the Commonwealth of Massachusetts. They further consent and submit *116 to the jurisdiction of the Courts of the Commonwealth of Massachusetts and agree to such forum for the bringing of any suit, action or other proceeding arising out of their obligations hereunder, and expressly waive any objection to venue in such Courts. It is further agreed and understood that the corporate headquarters of Leasecomm Corporation is located within the venue of the Waltham Division of the District Court Department of the Trial Court, and the Middlesex County Division, Superior Court Department of the Trial Court.
Attached to Leasecomm’s complaint was a form entitled “Notice to the Defendant” which advised the defendant, inter alia, that he could file an affidavit contesting the “fairness of your case being decided by the Massachusetts courts” which set forth facts demonstrating such alleged unfairness and the existence of any defense to the complaint.
On December 4,1992, the defendant filed an affidavit “to contest venue” in the Waltham Division. That affidavit stated:
I have never been in the State of Massachusetts. The Lease Agreement which is the basis of this lawsuit was entered into in the State of Florida. The lease was for a machine which verified credit cards for good standing. A sales person repeatedly came to my office in Florida to sell this service. I entered the Lease Agreement based upon representations made to me at my office in Florida by this sales person.
Leasecomm countered with an affidavit asserting the existence of proper venue and jurisdiction in the Waltham Division pursuant to the Agreement’s forum selection clause. Leasecomm subsequently filed a Dist./Mun. Cts. R. Civ. R, Rule 56 motion for summary judgment, supported by interrogatories and requests for admissions which had been served upon, but not answered by, the defendant.
The trial court denied Leasecomm’s Rule 56 motion, sua sponte considered the defendant’s affidavit as a motion to dismiss, and dismissed the action on the basis of forum non conveniens.
1. The determination of a motion to dismiss brought on the grounds of forum non conveniens requires a careful balancing of those issues of public concern presented by the particular circumstances of the case and the private interests of the individual litigants. Minnis v. Peebles, 24 Mass. App. Ct. 467, 469 (1987), citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-509 (1947) and RESTATEMENT (SECOND) OF CONFLICT OF LAWS §84, comment c (1971). Although such a motion is addressed to the discretion of the trial judge, Joly v. Albert Larocque Lumber Ltd.., 397 Mass. 43, 44 (1986), it is seldom granted for “unless the balance is strongly in favor of the defendant, the plaintiff’s choice of forum should rarely be disturbed.” W.R. Grace & Co. v. Hartford Accid. & Indemn. Co., 407 Mass. 572, 578 (1990); Kearsage Metallurgical Corp. v. Peerless Ins. Co., 383 Mass. 162, 169 (1981).
2. Central to the infrequent application of the doctrine of forum non conveniens as a basis for dismissal is the determination that in the interests of “substantial justice,” G.Lc. 223A, §5, “the controversy may be more suitably tried elsewhere,” New Amsterdam Casualty Co. v. Estes, 353 Mass. 90, 95 (1967), because of “the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; ... and all other practical problems that make trial of a case easy, expeditious and inexpensive.” Id. at 95. In short, an implicit requirement for the successful assertion of the defense of forum non conveniens is the necessity of a trial in a more appropriate forum because of the existence of an actionable claim and a meritorious defense thereto.
In the instant case, the defendant has failed to allege any defense to Lease-comm’s claim for breach of the parties’ equipment lease which would require a *117 trial on the merits. Upon even a generous construction of the defendant’s affidavit, it is clear that he is alleging only that he executed the Agreement based on undisclosed representations made by a local, Florida sales representative of the vendor. A party is presumed, however, to have read and understood any contract which he signs, Hull v. Attleboro Savings Bank, 33 Mass. App. Ct. 18, 24 (1992); McKinney v. Boston & Maine RR., 217 Mass. 274, 276 (1914), and remains bound by the terms of such contract in the absence of evidence of fraud or other sufficient legal exculpatory factor. Hull v. Attleboro Savings Bank, supra at 24 no. 8; Bruno v. Bruno, 10 Mass. App. Ct. 918 (1990).
Thus it is unnecessary in the instant case to endeavor to compile an exhaustive list of those public and private factors customarily utilized in judicial determinations of forum non conveniens, or to apply such factors to the circumstances of this case which are so briefly summarized in the record. In the absence of any assertion or even suggestion by the defendant of a defense to Leasecomm’s claim for breach of the parties’ equipment lease, the trial court’s dismissal of this action on the basis of forum non conveniens was error.
3. On the basis of the pleadings, documentary evidence, affidavits, and unanswered requests for admissions and interrogatories propounded by Leasecomm, the plaintiffs unopposed Rule 56 motion should have been allowed.
Accordingly, the court’s order of dismissal of this action is hereby vacated. The court’s denial of Leasecomm’s Rule 56 motion is reversed, and this action is returned to the Waltham Division for the entry of summary judgment in Leasec-omm’s favor.
So ordered.