Coven, J.
This is an action for breach of a commercial equipment lease entered into by plaintiff-lessor Leasecomm Corporation, a Massachusetts corporation with headquarters in Waltham, and the defendant who operated a business in Arizona and now resides in Ohio. The defendant filed an affidavit contesting trial of this action in Massachusetts, which the trial court treated and allowed as a pro se motion to dismiss on the grounds of forum non conveniens. Leasecomm has appealed this order of dismissal.
Leasecomm is a national finance lessor of business equipment. On April 21, 1992, the defendant signed both Leasecomm’s standard form equipment lease agreement for the rental of a credit card terminal for forty-eight (48) months at a cost of $39.90 per month, and a personal guaranty of all lease obligations. The credit card terminal was supplied and sold by Electronic Merchants Systems (“the vendor”); and the loan agreement expressly disclaimed that any supplier or salesperson was an agent of Leasecomm, or that their representations in any way affected the parties’ rights or obligations under the lease. The lease further stated that it would not take effect until Leasecomm completed a credit check on the defendant and the equipment was delivered to the defendants place of business. On April 23,1992, Electronic Merchants Systems signed a “Vendor’s Bill of Sale” section of the lease agreement indicating its sale of the equipment to “Leasecomm Corporation, a Massachusetts corporation.” Leasecomm subsequently executed the lease agreement in Massachusetts.
The defendant defaulted on his lease payments after the first three months. Leasecomm thereafter commenced this action in the Waltham Division of the District Court Department pursuant to the following, underlined provision which appears on both the front and reverse sides of the parties’ lease agreement:
The parties hereby agree that this Agreement is made in, governed by, to be performed in, and shall be construed in accordance with the laws of the Commonwealth of Massachusetts. They further consent and submit to the jurisdiction of the Courts of the Commonwealth of Massachusetts and agree to such forum for the bringing of any suit, action or other proceeding arising out of their obligations hereunder, and expressly waive any objection to venue in such Courts. It is further agreed and understood that the corporate headquarters of Leasecomm Corporation is located within the venue of the Waltham Division of the District Court Department of the Trial Court, and the Middlesex County Division, Superior Court Department of the Trial Court.
The defendant responded by filing the affidavit which the trial court treated as a motion to dismiss and which is at issue on this appeal. The defendant averred that, in April, 1992, he was the president of “1992 Rose Inc.,” located in Mesa, Arizona, *127 which sold and delivered roses primarily upon telephone credit card orders. At the commencement of his business operations, the defendant contacted various banks and credit card processing companies to obtain a credit card terminal and related services. The defendant eventually selected the package offered by Electronic Merchant Systems based on the representations of its salesperson as to its competitive monthly rates, and signed a number of documents presented by the vendor’s salesperson on April 21,1992.
A few weeks later, however, the defendant’s monthly rate for the credit card terminal services was increased from 1.49% of sales to 3.5% per transaction. The defendant further averred that he was induced into signing the agreements on April 21,1992 by the misrepresentations of the vendor’s agent as to monthly rates; that he only later discovered that one of the agreements was an equipment lease with Leasecomm; that the actual value of the credit card terminal was only $325.00, while the total loan payments exceeded $2,500.00; that the supplier’s agent also acted as an agent for Leasecomm in accepting a rental payment from the defendant on April 21, 1992; and that this action should not be heard in Massachusetts because the lease negotiations with the supplier’s agent, the defendant’s signing of the lease and the delivery of the equipment all took place in Arizona.
1. The decision to dismiss an action properly within the jurisdiction of a trial court on the grounds of forum non conveniens “cannot be made by applying a universal formula” and depends upon a searching assessment of the specific facts of each case. W.R. Grace & Co. v. Hartford Accid. & Indem. Co., 407 Mass. 572, 577 (1990). The determination that a matter should in the interests of justice be heard in another forum requires a careful balancing of the private interests of the litigants with matters of public concern. Id.; Minnis v. Peebles, 24 Mass. App. Ct. 467, 469 (1987). See also, Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-509 (1947);New Amsterdam Casualty Co. v. Estes, 353 Mass. 90, 95 (1967). The general rule is that “unless the balance is strongly in favor of the defendant, the plaintiff’s choice of forum should rarely be disturbed.” Kearsage Metallurgical Corp. v. Peerless Ins. Co., 383 Mass. 162, 169 (1981); Minnis v. Peebles, supra at 469.
2. In ruling on the defendant's claim of forum non conveniens,[1] the trial court was required in this case to balance what are termed the private interests of the parties, which include the relative ease of access to sources of proof, the availability of compulsory process for attendance of unwilling witnesses, the costs of obtaining the attendance of willing witnesses and the enforceability of a judgment if one is obtained, W.R. Grace & Co. v. Hartford Accid. & Indem. Co., supra at 578; Joly v. Albert Larocque Lumber Ltd., 397 Mass. 43, 44 (1986), with matters of more public concern, such as the potential administrative burden on the court in handling litigation which arose elsewhere and the desirability of a trial of the case in the court whose substantive law will be applied. W.R. Grace & Co. v. Hartford Accid. & Indem. Co., supra at 578.
In the instant case, the alleged misrepresentations of the vendor’s salesperson occurred in Mesa, Arizona, and the witness necessary to the defendant’s proof of this defense is presumably still located in Arizona. However, there is little indication in the record that the alleged misrepresentation constitutes a material defense to Leasecomm’s action for breach of the parties’ equipment lease. Leasecomm *128 leased only the credit card terminal and had no connection with credit card authorization or electronic fund transfer services associated with the defendant’s use of the terminal, which services were apparently furnished by Electronic Merchant Systems. The misrepresentation itself concerned the percentage charge for these services, while the lease agreement is limited to a flat monthly rental fee for the equipment only and is devoid of any reference to transaction rates. Thus access to witnesses or other evidence in Arizona necessary for the proof of an apparently immaterial defense falls short of constituting a compelling reason to deny the plaintiff its choice of a Massachusetts judicial forum.
Moreover, even assuming that the defense were relevant and recognizing that compulsory process to secure the salesperson’s testimony would be available in Arizona, the ease and expense of access to such witness would merely place an equal burden on Leasecomm and the defendant, neither of whom are now located in Arizona. Further, the private interests of Leasecomm strongly militated against allowing the defendant’s motion to dismiss. Leasecomm is a Massachusetts corporation which would be put to the expense of litigating a case in Arizona simply because the equipment was located there, even though no party is currently located there.
All factors of public interest weigh heavily in favor of a Massachusetts trial of this action. Because of both the contractual choice of law provision and the execution of the lease agreement in Massachusetts, the law of this Commonwealth would control. No administrative burden would be placed on a Massachusetts court in enforcing a simple contract between a Massachusetts corporation and only one defendant which is governed by Massachusetts law. Finally, the State of Arizona has virtually no interest in the outcome of this litigation.
3. As the balance of public and private factors is not strongly in favor of the defendant herein, the plaintiff’s choice of a Massachusetts forum should not have been disturbed. Given the absence in this case of a more significant defense, see Leasecomm v. Rivera, 1994 Mass. App. Div. 115, and of compelling and substantial grounds for determining that the interests of justice required a trial in another forum, the court’s allowance of the defendant’s motion to dismiss on the grounds of forum non conveniens was an abuse of discretion.
Accordingly, the court’s allowance of the defendant’s motion to dismiss is hereby reversed and vacated, and (his action is returned to the Waltham Division for a trial on the merits.
So ordered.

The forum selection clause contained in the equipment lease agreement does not bar a claim of forum non conveniens, and a determination as to whether a motion to dismiss on this ground should be granted required a judicial balancing of the appropriate private and public factors discussed herein. W.R. Grace & Co. v. Hartford Accid. & Indem. Co., supra at 590.