Sherman, J.
This is an action for breach of contract against both the lessee and the guarantor of a business equipment finance lease. The trial court dismissed the plaintiffs claim against the guarantor, defendant Cynthia K Crockett (“Crockett”), for lack of personal jurisdiction, and entered a Mass. R Civ. R, Rule 58 separate judgment in her favor. The plaintiff has appealed pursuant to Dist./Mun. Cts. R.A.DA, Rule 8A
Plaintiff Leasecomm Corp. (“Leasecomm”), a Massachusetts corporation with headquarters in Waltham, is a nationwide “finance lessor” of business equipment. See Mayflower Seafoods, Inc. v. Integrity Credit Corp., 25 Mass. App. Ct. 453 (1988). Defendant Hoof Prints, Inc. (“Hoof Prints”) operates a retail western wear store in Hendersonville, North Carolina. Crockett, a vice-president and fifty percent shareholder of Hoof Prints, is a North Carolina resident. The circumstances of this case do not depart from the typical finance lease scenario.
Leasecomm maintains no showroom, sales force or other direct marketing system, but operates exclusively through independent business equipment vendor/dealers who participate in Leasecomm’s leasing programs. One such dealer in North Carolina offered a cash register/credit card authorization terminal (the “equipment”) which Hoof Prints wished to obtain for its business. Because Hoof Prints was unwilling or unable to make a single cash purchase payment, the dealer offered Hoof Prints the option of a long term lease of the equipment through Leasecomm. A lease application was furnished by the dealer, completed by Crockett and forwarded to Leasecomm in Massachusetts. The dealer delivered and installed the equipment at Hoof Print’s store and sold it to Leasecomm, which then leased the equipment back to Hoof Prints for a small monthly payment. Leasecomm disclaimed any agency relationship with the dealer who remained responsible for servicing the equipment.
The parties executed a Leasecomm standard form equipment lease agreement for a four-year term. The lease identified Hoof Prints as the lessee and was signed on its behalf by Crockett as vicepresident. The lease contains a choice of law and forum selection clause which provides, in pertinent part:
The Parties hereby agree that this Agreement is made in, governed by, to be performed in, and shall be construed in accordance with the Laws of the Commonwealth of Massachusetts. They further consent and sub *7 mit to the jurisdiction of the Courts of the Commonwealth of Massachusetts and expressly agree to such forum for the bringing of any suit, action or other proceeding arising out of their obligations hereunder...
Crockett also signed a personal guaranty which was printed immediately below the corporate signature line on the front page of the two page lease.[2] Hoof Prints defaulted after making only four lease payments, and this action ensued.
Defendant Crockett moved to dismiss the claim against her as guarantor on the grounds, inter alia, of lack of personal jurisdiction and forum non conveniens. In a lengthy opinion allowing Crockett’s motion, the trial court ruled that Crockett was not individually bound as guarantor by the forum selection clause, which appears in a separate section of the lease and expressly pertains only to the lessor and lessee as "parties”; and that Leasecomm failed to demonstrate sufficient facts, independent of the forum selection clause, to permit the court’s assertion of personal jurisdiction over the nonresident guarantor.
1. The burden of proof rested upon Leasecomm, Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978), to establish that Crockett individually engaged in activities cognizable under G.L.c. 223A, §3 as a predicate for the exercise of long-arm jurisdiction over a non-resident defendant, and that her contacts with Massachusetts were sufficiently substantial that due process would not be offended by compelling her to answer suit here. Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994). The record amply supports the trial court’s conclusion that Leasecomm failed to sustain its burden.
Leasecomm argued only that the parties’ agreement was a Massachusetts contract because Leasecomm approved and signed the lease and guaranty in Massachusetts; that Crockett thus guaranteed a Massachusetts contract which provided for lease financing by a Massachusetts lender; and that such activities by Crockett constituted “transacting business” under G.L.c. 223A, §3(a). Leasecomm’s argument ignores the obvious and constitutionally dispositive consideration that Crockett’s activities were confined to this one contract and thus to participation in an “isolated transaction without commercial consequences in Massachusetts.” Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1,9 (1979).
While Leasecomm signed the agreement in Massachusetts, neither Crockett, nor any other Hoof Print agent, came to Massachusetts to negotiate or execute the lease and guaranty. The parties’ transaction was instead negotiated in North Carolina through a local equipment dealer, the lease and guaranty were signed by Crockett in North Carolina, and the equipment was delivered to and installed in Hoof Print’s North Carolina store by the dealer. Crockett’s direct communication with Leasecomm was limited to the receipt of one telephone call from Massachusetts to confirm equipment delivery and one follow-up letter to underscore the dealer’s, rather than Leasecomm’s, responsibility for servicing the equipment in North Carolina. It is established that personal jurisdiction cannot be constitution *8 ally asserted over a non-resident purchaser whose contacts with the forum state are limited to a single purchase of equipment, goods or services from a Massachusetts provider. “Automatic" Sprinkler Corp. of America v. Seneca Foods Corp., 361 Mass. 441, 444-446 (1972); Telco Comm. v. New Jersey St. Firemen’s Mut. Benev. Assoc., 41 Mass. App. Ct. 225, 231-232 (1996). See also, Larchmont Eng. & Irrigation, Inc. v. Jade Realty, 1996 Mass. App. Div. 187, 190. Crockett, who merely guaranteed the lease of a single piece of equipment, had even less contact with Massachusetts than the purchasers in the above cited cases.[3]
2. In the absence of contacts constitutionally sufficient to subject Crockett to long-arm jurisdiction, Leasecomm could maintain an action against her in this Commonwealth only if Crockett contractually consented to Massachusetts jurisdiction through a forum selection clause. Massachusetts recognizes that such clauses are valid as the sole basis for jurisdiction over a non-resident and should be enforced unless it is demonstrably unfair or unreasonable to do so. Jacobson v. Mailboxes Etc. U.S.A., Inc., 419 Mass. 572, 574-575 (1995); New Eng. Tec. Sales v. SEEQ Tech., Inc., 1996 Mass. App. Div. 191, 199-193. Crockett has advanced no evidence that the forum selection clause in question is unenforceable because of fraud, undue influence or overreaching, see Ernest & Norman Hart Bros., Inc. v. Town Contr., Inc., 18 Mass. App. Ct. 60, 65-66 (1984); Graphics Leasing Corp. v. The Y Weekly, 1991 Mass. App. Div. 110, 113-114, and has not, in fact, contested its validity.
Crockett instead contends, and the trial court concurred, that as a matter of contract interpretation, the forum selection clause applies solely to Hoof Prints and Leasecomm as lessee and lessor and cannot be extended to Crockett, who executed a separate contract of guaranty. Relying on a purely literal construction of lease and guaranty terms, Crockett argues that the forum selection clause expressly applies to the “Parties”; the introductory paragraph of the lease states that the agreement is between Leasecomm as lessor and Hoof Prints as lessee; the next paragraph provides that references to “I,” “me,” or mine denote the lessee, and that “you” and “yours” mean the lessor; and the remainder of the lease defines the rights and obligations of the lessor and lessee only. Conversely, the personal guaranty appears in a separate box apart from other lease provisions, refers to the guarantor as the undersigned, and specifies the objections and defenses waived by the guarantor. The guaranty neither references the forum selection clause, nor provides for the guarantor’s consent to Massachusetts court jurisdiction, omissions which Crockett contrasts with forum selection clauses in other equipment lease agreements which expressly bind both the lessee and guarantor. See, e.g., Leasefirst v. Decot Bros., Inc., 1990 Mass. App. Div. 177, 178 n. 3 (“lessee and any guarantor consent, agree and stipulate” to Michigan court jurisdiction).
While an unambiguous contract is generally enforced in accordance with its specific terms, Schwanbeck v. Federal-Mogul Corp., 412 Mass. 703, 706 (1992), the term “Parties” is nowhere defined in the agreement at issue. Clearly, it could not be ruled that a guarantor is never a party to the principal contract or lease which is guaranteed. See, e.g., Chelsea Indus., Inc. v. Florence, 358 Mass. 50, 55 n. 7 (1970). To ascertain the intent of the signatories with respect to both the term “parties” *9 and the scope of the forum selection clause, it is thus necessary to consider not only the literal language of the agreement, but also other indicia of intent, including the circumstances of the transaction and the objects to be accomplished. See generally, Shea v. Bay State Gas Co., 383 Mass. 218, 222-223 (1981); Hastings Associates v. Local 369 Bldg. Fund, 49 Mass. App. Ct. 162, 172 (1997).
It is undisputed that as an inducement, if not the sine qua non, for Leasecomm’s agreement to provide lease financing to Hoof Prints, Crockett’s guaranty was part of the lease transaction between the lessor and lessee. Where two or more contracts are part of a single transaction and appear in combination, as in the instant case, to constitute the entire understanding of the parties, the contracts are customarily read together as one, integrated agreement. Thomas v. Christensen, 12 Mass. App. Ct. 169, 174 (1981).
There are expressions in the cases about when instruments deriving from a given transaction shall be read together. We find mention of such factors as simultaneity of execution, identity of subject matter and parties, cross referencing, and interdependency of provisions, [citation omitted] By these indicators, two documents ... can ... qualify for integrated reading, as if they were combined in a single paper bearing all signatures ... For [such] instruments to make any real sense, they must be read together and interpreted as one contract. This was the intent of the parties at the time.
Gilmore v. Century Bank & Trust Co., 20 Mass. App. Ct. 49, 55 (1985). In the instant case, the guaranty was actually contained in the lease agreement itself on the first page of the document, and there was a simultaneous signature by Crockett of both the lease, on behalf of Hoof Prints, and her personal guaranty. The guaranty specifically references the lease agreement and assumes the lessee’s obligations as set forth therein.
Crockett argues that there is no identity of parties in that the corporate lessee, Hoof Prints, is a separate legal entity, and that she cannot be bound as a party to the lease agreement which she did not execute individually. In almost identical circumstances in Chase Commercial Corp. v. Owen, 32 Mass. App. Ct. 248 (1992), however, the separate status of the individual guarantors did not prevent the Appeals Court from ruling that the guarantors were bound by a waiver of jury trial provision which appeared in the corporation’s loan and security agreements, executed on behalf of the corporation by the guarantors as corporation principals, but which was not contained in the separate personal guaranty signed by the guarantors as individuals. The Court ruled:
[T]he three documents were part of one transaction and were, therefore, to be read together. The three documents were signed at the same time. The guaranty makes reference to the [loan and security] agreements. ... The documents, moreover, were interrelated in purpose. [The bank] sought the defendants’ personal guarantees because they were the principals of the corporation borrowing money ... The defendants were the ones who negotiated the loan on behalf of [the corporation], and they could easily monitor and control [the corporation’s] performance of its obligations under the agreement. As the underlying contracts with [the corporation] included waivers of the right to a jury trial, the motion judge properly concluded that [the bank] and the defendants waived a jury trial in all claims relating to the transaction.
Id. at 251. Applying the Court’s ruling in the instant case, we conclude that Crockett was a party to the single equipment lease transaction at issue herein, and that, construing the lease and guaranty as an integrated agreement, Crockett contractu *10 ally consented through the forum selection clause to the assertion of personal jurisdiction by a Massachusetts court in any action to enforce the agreement.
Accordingly, the trial court’s judgment for defendant Crockett is vacated, the allowance of Crockett’s motion to dismiss is reversed, and this case is returned to the Waltham Division for trial.
So ordered.

 The guaranty states: ‘To induce Lessor to enter into this Lease, the undersigned unconditionally guarantees to Lessor the prompt payment when due of all of Lessee’s obligations to Lessor under the Lease. Lessor shall not be required to proceed against Lessee or the Equipment or to enforce any other remedy before proceeding against the undersigned. The undersigned agrees to pay all attorney fees and other expenses incurred by Lessor by reason of the Lessee’s default. The Undersigned waives notice of the acceptance hereof and of all other notices or demands of any kind which the undersigned may otherwise be entitled. The Undersigned consents to any extensions of time or modifications in the amount of payment granted to Lessee and to the release and/or compromise of any obligations of Lessee...”

 Leasecomm appears to argue in its brief that the court erred in allowing Crockett’s motion to dismiss for lack of personal jurisdiction without additional evidence that a Massachusetts court was an inconvenient forum. It is clear that Crockett failed to advance sufficient evidence to warrant dismissal on the grounds of forum non conveniens. See Leasecomm Corp. v. Rivera, 1994 Mass. App. Div. 115, 116-117. However, forum non conveniens is properly argued only where personal jurisdiction exists; otherwise, it need not be addressed. See Leasecomm Corp. v. Collesano, 1994 Mass. App. Div. 126, 127.