Fecteau, J.
This case arrives before the court on KMG Minerals, Inc.’s (KMG) Motion to Dismiss plaintiffs first amended complaint for lack of personal *385 jurisdiction and forum non conveniens. KMG asserts that its contacts with the Commonwealth are insufficient to permit the proper exercise of jurisdiction in the instant case. Additionally, KMG argues that even if the court may properly exercise jurisdiction, Massachusetts is not a proper forum for this litigation. Plaintiff, The Home Indemnity Company (Home), counters by arguing that KMG’s activities within the Commonwealth expose it to this court’s jurisdiction and that such an assertion of jurisdiction comports with both the Massachusetts long-arm statute and the United States Constitution. The Home further contends that because the instant action concerns its obligation to defend and/or indemnify KMG in various tort suits, two of which are pending in Massachusetts, the Commonwealth is an appropriate forum, at least as to those suits occurring in Massachusetts. For the reasons that follow, KMG’s motion will be DENIED.
BACKGROUND
KMG is a North Carolina corporation that, until 1994, manufactured clay bricks. The company has a principal place of business in North Carolina. The Home is a New Hampshire Corporation with a principal place of business in New York. The Home issue KMG four Commercial General Liability Insurance Policies (CGL Policies). KMG and the Home negotiated and executed the CGL policies in North Carolina. KMG sent all premium payments to an insurance agency located in North Carolina. KMG does not own property in Massachusetts and has no employees in Massachusetts.
The policies impose on the Home an obligation to defend and/or indemnify KMG in certain civil suits brought against KMG. Additionally, the policies provide that KMG will assist the Home and cooperate with the defense of any claims brought against it. Approximately thirteen claims arising out of KMG’s supplying allegedly faulty bricks are currently pending against KMG in thirteen states, including two in Massachusetts’ courts. The Home brings the instant action seeking a judicial determination as to its obligation to defend and/or indemnify KMG for these suits.
DISCUSSION
I. LACK OF PERSONAL JURISDICTION
KMG now moves to dismiss the Home’s complaint for lack of in personam jurisdiction pursuant to Mass.R.Civ.P. 12(b)(2). As the plaintiff, the Home bears the burden of demonstrating that the court may properly exercise jurisdiction over KMG, a nonresident corporation. See Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994). In order to meet this burden, the Home is required to satisfy two inquiries: does the Massachusetts long arm statute, G.L.c. 223A, §3, authorize the exercise of jurisdiction, and does the exercise of jurisdiction comport with basic due process requirements mandated by the United States Constitution? See id. (citing Good Hope Indus. v. Ryder Scott Co., 378 Mass. 1, 6 (1979)). Where a plaintiff establishes that the court may answer both questions affirmatively, the nonresident party is properly held within the court’s jurisdictional reach. See id.
A. G.L.c. 223A, §3
The Massachusetts long arm statute describes a number of express circumstances as a result of which this court may properly exercise jurisdiction over a nonresident defendant. Of particular relevance to the matter at bar are three provisions that the Home contends permit this court to exercise jurisdiction over KMG. The statute provides, in pertinent part:
A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person’s
a) transacting business in this Commonwealth;
b) contracting to supply services or things in this Commonwealth;
f) contracting to insure any person, properly or risk located within this Commonwealth at the time of contracting.
It is on the basis of the three provisions that the Home contends that the long arm statute permits this court to assert jurisdiction over KMG.
Initially, the Home asserts that the present suit arises out of KMG’s transacting business in the Commonwealth. Had not KMG sold its bricks in Massachusetts, the argument goes, the Home would not have incurred the injury of having to defend KMG in tort suits, brought in Massachusetts, deriving from the faulty manufacture of the bricks. KMG counters by advocating a narrower reading of the statute and contending that, because neither it nor the Home is a Massachusetts resident and because the insurance contract negotiations occurred in North Carolina, the present dispute did not arise out of its transaction of business in the Commonwealth.
The Supreme Judicial Court has indicated that the courts should construe the “transacting any business” language in §3(a) broadly. See Tatro, 416 Mass. at 767. The purposeful and successful solicitation of business from the Commonwealth’s residents will generally satisfy §3(a)’s requirement. See id. The “arising from” language contained in the statute similarly receives a broad construction. See id. at 771. This inquiry requires the court to determine if the Home would have suffered injury “but for” KMG’s transacting business within the Commonwealth. See id.
The Home has presented affidavit evidence that KMG transacted substantial business in the Commonwealth. The affidavit of Richard J. Carey, President of Consolidated Brick & Building Supplies (Consolidated), reveals that Consolidated, as a KMG distributor, sold approximately 850,000 KMG manufactured bricks between 1978 and 1994. Such substantial and *386 continuous use of a Massachusetts distributor clearly satisfies §3(a)’s requirement that the transacting of business in the Commonwealth be purposeful and successful.
The closer question is whether the Home’s suit arises out of KMG’s transacting business in the Commonwealth. The Home argues for an expansive construction of the “arising out of’ language while KMG, predictably, seeks a narrower interpretation. In light of the Appeals Court’s decision in Connecticut Nat. Bank v. Hoover Treated Wood Products, Inc., 37 Mass.App.Ct. 231, 235-36 (1994), the court resolves this issue in favor of exercising jurisdiction.
In Connecticut Nat. Bank, the Appeals Court confronted a jurisdictional question similar to that before this court. The plaintiff bank acquired a perfected security interest in the third party’s existing and after acquired inventory. See id. at 232. Both the bank and third party were Massachusetts residents. The third party then delivered a portion of its inventory to defendant, a Delaware corporation with a principal place of business in Georgia, in exchange for a credit on an antecedent debt. See id. at 232-33. The Bank then instituted action in Massachusetts against the defendant for conversion and seeking return of the inventory. See id. at 233.
The court upheld jurisdiction under §3(a) recognizing that but for defendant’s transaction of business with the third party in Massachusetts, the Bank would not have sustained injury in Massachusetts. See id. at 235. Given the substantial volume of sales between the defendant and resident third party, the court concluded that “the bank’s claim against [defendant] for conversion was ‘made possible by, or lies in wake of,’ [defendant’s] transacting business in Massachusetts." Id. The fact that the bank was not a party to the in-state transaction was of no consequence. Id.
In the case at bar, KMG conducted substantial and continuous business in Massachusetts from 1978 through 1994. As a result of its transactions, it has been haled into a Massachusetts court to defend a tort suit. The Home may have suffered injury from these transactions in that it may have to defend and/or indemnify KMG for the suits. The present litigation seeks a judicial determination as to whether the facts of the underlying tort suits require the Home to satisfy such obligations. Therefore, because KMG’s transactions within the Commonwealth caused the underlying action, and because the Home’s potential liability arises out of the underlying action, the court concludes that the Home’s injury arises out of KMG’s transacting business within the Commonwealth. The fact that the Home was not a party to the transactions between KMG and Consolidated is of no consequence. See id. at 235. Accordingly, KMG is subject to personal jurisdiction under §3(a).
In addition to persuading the court that it may exercise jurisdiction pursuant to §3(a), the Home has properly demonstrated that the long arm statute authorizes jurisdiction pursuant to Sections 3(b) and 3(f). In American Home Assurance Co. v. Sport Maska, Inc., 808 F.Sup. 67 (D.Mass. 1992), the federal district court confronted issues similar to those presented at bar. In that case, neither of the defendants asserting lack of personal jurisdiction owned property or maintained employees in the Commonwealth. See id. at 70. The only contact the two defendants had with Massachusetts was the sale of hockey helmets to third parties in the Commonwealth amounting to approximately 1.47 to 2.1 percent of the defendants’ total revenue. All negotiations and transactions involving the insurance contract at issue occurred in either Quebec, Canada or New Jersey. See id. at 71.
The plaintiff initiated the action for declaratory judgment seeking a determination of rights concerning a tort suit brought in the District of Massachusetts by a party injured by the defendants’ hockey helmets. See id. at 69. The court found plaintiffs argument under Section 3(b) cogent and persuasive where defendants were subject to in personam jurisdiction in the underlying tort suit and the insurer contested both the duty to defend and duty to indemnify. See id. at 75. The court opined that “[i]f it is reasonably foreseeable that the insured may be haled into a court in the commonwealth, it is also reasonably foreseeable that the insured’s contracting to assist in the defense will require acts in the commonwealth that may reasonably be described as ‘supplying services ... in the commonwealth.’ ” Id. On this reasoning, the courtheld that Section 3(b) permitted exercise of jurisdiction over the nonresident insured. See id.
The facts of the present case closely resemble those of American Home Assurance Co. Among the duties assigned to KMG in the contract are, in the event of suit, the duty to cooperate with the Home in the investigation, settlement, or defense of the claim or suit, and to assist the Home in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which the insurance may apply. Satisfaction of these duties will likely occur in Massachusetts, particularly in the action initiated by Kesseli & Morse in which KMG has not contested the personal jurisdiction of this court. The Home has submitted, in support of its opposition, the affidavit of Richard J. Carey, president of Consolidated Brick & Building Supplies in Avon, MA (Consolidated), KMG’s distributor in Massachusetts. Carey’s affidavit reveals that Consolidated sold approximately 850,000 bricks, manufactured by KMG, from 1978 through 1994. Both the duration of this relationship and the fact that Consolidated was a direct distributor compel the conclusion that KMG could reasonably expect to be haled into court in Massachusetts. Consequently, as the federal district court recognized, KMG could foresee that the acts necessary to comply with its cooperate and assist duties would occur in Massachusetts. Accordingly, *387 this court agrees with the federal district court that those acts permit the exercise of jurisdiction, pursuant to G.L.c. 223A, §3(b), because KMG contracted to supply services or things in Massachusetts.
Even if the court could not properly invoke Sections 3(a) or (b) of the long arm statute to obtain jurisdiction over KMG, Section 3(f) would authorize such an exercise of jurisdiction. Section 3(f) allows this court to exercise jurisdiction over those who contract to insure any person, property or risk located within the commonwealth at the time of the contracting. As with Section 3(b), the federal district court in American Home Assurance Co. addressed the applicability of Section 3(f) under circumstances similar to those at bar. See American Home Assurance Co., 808 F.Sup. at 75-76. The court approached the issue of Section 3(f)’s applicability by initially recognizing that the word “risk” in the statute necessarily contemplated a forward looking concept. See id. at 75. Thus, the court interpreted the statutory language not to require that the risk be realized at the time of contracting, but rather, to require only that it be reasonably foreseeable that the insured would be subject to personal jurisdiction in a tort action at the time of contracting. See id. The court then concluded that the statutory language applied to both the insurer and the insured in finding that Section 3(f) authorized jurisdiction over the nonresident defendant insured. See id. at 76.
Similar to the defendants in American Home Assurance Co., KMG insured risks in Massachusetts through its policy with the Home. At the time KMG purchased its insurance from the Home, it was selling bricks in Massachusetts through Consolidated. These sales occurred in a substantial and continuous manner. Therefore, KMG could reasonably expect to be haled into a Massachusetts court. Because KMG could reasonably expect to face litigation in Massachusetts and because it would reasonably expect its insurance company to provide a defense and/or indemnity, the court concludes that when KMG purchased its insurance contract from the Home, it was contracting to insure a risk located within the Commonwealth. Accordingly, §3(f) permits the exercise of personal jurisdiction over KMG.
B. The Constitutional Question
Having concluded that the long arm statute permits this court’s jurisdiction over KMG, the courtmustnow determine if such exercise of jurisdiction comports with the due process requirements of the United States Constitution. This inquiry requires the Home to demonstrate that KMG established minimum contacts in the Commonwealth. See Tatro, 416 Mass. at 772-73. Minimum contacts are established by demonstrating that the defendant purposely availed itself of the privilege of conducting activities in the Commonwealth and that plaintiffs claim arises from, or relates to, defendant’s activities within the forum. See id. at 772. Additionally, the Home must establish that the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. See id. at 773. This test focuses on the reasonableness of the court’s assertion of jurisdiction accounting for such factors as the burden on the defendant of litigating in Massachusetts, Massachusetts’ interest in adjudicating the dispute, and the plaintiffs interest in obtaining relief. See id.
The facts of the matter at bar reveal that this court may assert jurisdiction consistent with constitutional mandates. Ultimately, the dispute between the Home and KMG arises from the fact that KMG may have sold defective bricks in the Commonwealth from 1978 through 1994. Both the volume of KMG’s sales (850,000 bricks) and the duration of its relationship with its distributor (1978-94) warrant the conclusion that KMG purposely availed itself of the privilege of conducting activities in the Commonwealth. Additionally, because the underlying tort suits against KMG arises out these activities, the Home’s action for a determination of its rights and obligations as they pertain to that suit is sufficiently related to KMG’s forum activities to satisfy the constitutional threshold. See American Home Assurance Co., 808 F.Sup. at 77 (court may consider contacts incident to related tort suit in minimum contacts inquiiy); see also Connecticut Nat. Bank, 37 Mass.App.Ct. at 236-37 (jurisdiction proper where plaintiff was not a party to the transaction causing the suit). As to the second tier of the constitutional inquiry, the court cannot discern how the exercise of jurisdiction over KMG would offend traditional notions of fair play and substantial justice. The simple fact that KMG is a North Carolina corporation and the litigation will occur in Massachusetts does not present such an onerous burden as to persuade this court to decline jurisdiction, particularly since KMG will defend the underlying suits in Massachusetts. Moreover, the underlying suits involve Massachusetts citizens and the present suit will determine who will defend those suits and whether the Home will be liable for indemnification. This court certainly has an interest in determining issues that impact which parties appear before it and which parties will ultimately bear the responsibility for satisfying any potential judgment obtained in a Massachusetts court by a Massachusetts citizen or corporation. Thus, the court finds that the exercise of jurisdiction over KMG does not offend traditional notions of fair play and substantial justice. Accordingly, KMG’s motion to dismiss for lack of personal jurisdiction will be DENIED.
II. FORUM NON CONVENIENS
KMG contends that even if this court may properly exercise personal jurisdiction over it, Massachusetts is an improper forum for this litigation. In support of its contention that North Carolina presents a more appropriate forum, KMG argues that any witnesses that it could present reside in North Carolina and that, because all negotiations for the polices occurred in *388 North Carolina, any relevant documentary evidence is located within that state. The Home counters by asserting that resolution of its claim against KMG will require an interpretation of the relevant insurance contracts and the contract’s applicability vel non to the facts established in the underlying tort suits. Accordingly, the Home argues, Massachusetts is an appropriate forum, particularly in regard to the two tort suits filed against KMG in the Commonwealth.
Though originally a common law doctrine, a trial judge’s discretion to dismiss a case due to forum non conveniens now derives from statute. See G.L.c. 223A, §5. That section provides:
When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just.
This standard substantially resembles the common law standard. See Green v. Manhattanville College, 40 Mass.App.Ct. 76, 78 & n.3 (1996). The guiding principle in evaluating the appropriateness of the plaintiffs choice of forum is that the court should rarely disturb such choice unless the balance of private and public concerns clearly militates in favor of the defendant’s motion. See id. at 79. This balancing inquiry relies heavily upon the specific facts of each case. See id. Moreover, where jurisdiction is proper, the court should not dismiss the action on forum non conveniens grounds absent compelling circumstances as a result of which the balance tips strongly in defendant’s favor. Walton v. Harris, 38 Mass.App.Ct. 252, 257 (1995).
KMG has advanced a number of arguments that strongly favor dismissing this action on forum non conveniens grounds. It has demonstrated that neither KMG nor the Home is a Massachusetts corporation or that either company maintains a principal place of business in the Commonwealth. Additionally, KMG has shown that all negotiations surrounding the insurance policies at issue occurred in North Carolina and that North Carolina law will likely govern the interpretation of those contracts. Nevertheless, the court does not find KMG’s arguments compelling, at this time, to warrant dismissal of the Home’s suit for declaratory judgment.
Although KMG argues generally that relevant documents and witnesses reside in North Carolina, KMG has failed to specify who those witnesses are or what those documents might be. Furthermore, whether the Home has a duty to defend and/or indemnify KMG for the underlying Massachusetts tort suits will be resolved by interpreting the facts the tort plaintiffs have alleged in their complaints (duty to defend) and those facts established at trial (duty to indemnify). See Sterilite Corp. v. Continental Cas. Co., 17 Mass.App.Ct. 316, 323-24 (1983); Patti v. Continental Cas. Co., 486 S.E.2d 233, 234 (N.C.App. 1997).[2] Finally, KMG has failed to convince this court that North Carolina law is sufficiently complex to warrant transfer of the entire case to its jurisdiction. See Minnis v. Peebles, 24 Mass.App.Ct. 467, 470 (1987). At a minimum, the record, as developed to this point, does not support this court’s invoking its discretion to decline to entertain this case merely because another forum could provide defendant greater convenience in defense.[3]
ORDER
It is therefore ORDERED that Defendant’s Motion to Dismiss be DENIED.

KMG relies heavily on the Supreme Judicial Court’s opinion in W.R. Grace & Co. v. Hartford Accident & Indem Co., 407 Mass. 572, 585-86 (1990), for the proposition that this court is not an appropriate forum for the interpretation, under another state’s law, of an insurance policy executed between two nonresident corporations. The court finds W.R. Grace Co. distinguishable from the case at bar. The issue involved in W.R. Grace Co. concerned the plaintiffs alleged nondisclosure of material information during the insurance contract negotiations in New York. See id. at 585. Consequently, fact intensive issues concerning the disclosures made during negotiations that would require the production of documents and testimony of nonparty witnesses, located primarily in New York, persuaded the court that Massachusetts was not an appropriate forum. See id. at 584-85. In the present case, neither party has alleged any impropriety with the negotiations of the underlying CGL policies. Therefore, it is difficult to comprehend what witnesses or documents, other than those establishing facts in the underlying tort actions, could impact the ultimate disposition of this litigation. See United Technologies Corp. v. Liberty Mut Ins. Co., 407 Mass. 591, 600 (1990). If, in fact, this case turns on the site-specific fact-finding issues, then dismissal for forum non conveniens, at this time, would be inappropriate. See id.

This case may provide ample opportunity for the court to employ partial forum non conveniens. Forum non conveniens is not an all or nothing doctrine. See United Technologies Co., 407 Mass. at 593 (rejecting suggestion that dismissal on forum non conveniens grounds may enter only if alternative forum can resolve all issues). There may exist, in a particular action, certain issues deserving of resolution in a single declaratory judgment action and other fact-specific issues that require resolution in those fora where proof of those facts is easiest and most economical. See id. If, as the Home suggests, the question of insurance coverage for the underlying tort suits may be determined only through reference to the facts of those individual suits, then the possibility exists that only the application of North Carolina law, if it applies, by the courts exercising jurisdiction over the individual tort suits will adequately resolve the insurance coverage issue. See W.R. Grace & Co., 407 Mass. at 584-85 (court should apply law of state with most significant contacts to the insurance contract). In any event, KMG has failed, on the record presently before the court, to provide a compelling reason for the dismissal of this case on forum non conveniens grounds.