LoConto, P.J.
This matter came before the Western Appellate Division on the plaintiffs Expedited Appeal in accordance with District/Municipal Courts Rules for Appellate Division Appeal, Rule 8A The plaintiff appeals from the trial judge’s allowance of the defendants’ motion to dismiss the complaint pursuant to Massachusetts Rules of Civil Procedure, Rule 12(b) (2) and (3), based on lack of personal jurisdiction and improper venue. The following undisputed facts are necessary for an understanding of the case. The plaintiff is a Massachusetts corporation with a principal place of business in Springfield, Massachusetts. It is in the business of selling kitchen and restaurant equipment The defendants Ted’s Victorian Pub and Restaurant LLC, and Teddy B. Really, LLC, are limited liability corporations organized under the laws of the state of Connecticut The former maintains a restaurant in Waterford, Connecticut and the realty company owns the property. The defendant Ted Lynch is an individual with a residence in Madison, Connecticut On or about April 1, 2000, the plaintiff sold certain equipment to the realty company for use at the restaurant Ted Lynch executed a guaranty dated April 4,2000, containing a forum selection clause which provided in part that “guarantor hereby submits to the jurisdiction of the courts of the Commonwealth of Massachusetts ... with respect to claims concerning this guaranty.” The document was executed listing Ted Lynch as guarantor on behalf of Ted’s Victorian Pub and naming the plaintiff as supplier. Ted Lynch signed the document, but the identification of the borrower was left blank. Although the restaurant and the realty company have retained the equipment, the plaintiff has not been paid and brought this action in the Springfield District Court to recover. In their Motion to Dismiss, the defendants aver that the court is without personal jurisdiction over them and that the venue of this proceeding is improper. The defendants’ motion did not mention the applicability of the above mentioned forum selection clause contained in the guaranty.
The plaintiff “has the burden of establishing the facts upon which the question of personal jurisdiction over a defendant is to be determined.” Tatro v. Manor Care Inc., 416 Mass. 763, 767 (1994); Droukas v. Drivers Training Academy, Inc., 375 Mass. 149, 151 (1978). The plaintiffs complaint relies upon the execution of the guaranty and the forum selection clause contained therein in support of its position that the defendants submitted to the jurisdiction of the courts of Massachusetts. A copy of that guaranty was attached as an exhibit to the complaint The defendants never denied the execution of the above mentioned guaranty, hut *193 moved that as nonresidents, the plaintiff must affirmatively establish with respect to each defendant both that (1) jurisdiction is authorized under the state’s long arm statute, G.Lc. 223A, §3 and (2) the existence of such statutory jurisdiction comports with the due process requirements of the United States Constitution. In their brief and argument before us, the defendants assert that the failure to name a borrower on the guaranty requires that any ambiguity be resolved in their favor. And in any event, the defendants argue that the trial judge’s allowance of the motion to dismiss could permissibly be interpreted as a finding that the forum selection clause was unenforceable. We decide that the forum selection clause is enforceable on the defendants and rule that their motion to dismiss should have been denied.
Recently, our Supreme Judicial Court reiterated acceptance of the modern view that forum selection clauses are to be enforced “if it is fair and reasonable to do so.” Cambridge Biotech Corp. v. Pasteur Sanofi Diagnostics, 433 Mass. 122, 130 (2000); Jacobson v. Mailboxes Etc. U.S.A., Inc., 419 Mass. 572, 574-575 (1995). A valid enforceable forum selection clause provides an independent basis for personal jurisdiction. Graphics Leasing Corp. v. The Y Weekly, 1991 Mass. App. Div. 110 (1991). “[T]he party who seeks to escape the consequences of the clause must show that ‘trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.’” The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18 (1972). The only argument advanced by the defendants is the failure of the forum selection clause to specify the party whose obligations were being enforced. The defendants did not contend that the forum selection clause is unenforceable because of fraud, undue influence or overreaching, Leasecomm Corp. v. Crockett, 1998 Mass. App. Div. 6 (1998), nor was there a showing that enforcement would be unreasonable. There is no evidence that the agreement was involuntary or that the parties executed the writing subsequent to delivery of the equipment This was an agreement between two sophisticated businesses, not a potentially unequal negotiation involving an experienced commercial entity and an ordinary consumer. “In short the forum selection clause in the parties [guaranty] was not the product of overweening bargaining power or other inequity which would render its enforcement unreasonable or improper in the circumstances of this case.” Graphics Leasing Corp. v. The Y Weekly, supra at 113. Having established the existence of the forum selection clause, the remaining issue is whether it is applicable and enforceable against all three defendants.
We find that the guaranty and the contract for the sale of the equipment is one integrated contract The plaintiff agreed to sell the equipment to Ted’s Realty, to be delivered to Ted’s Pub, only if Ted Lynch personally guaranteed that he would pay for the equipment It was all one contract in which all parties agreed to litigate in Massachusetts. “Where two or more contracts are part of a single transaction and appear in combination, as in the instant case, to constitute the entire understanding of the parties, the contracts are customarily read together as one, integrated agreement” Thomas v. Christensen, 12 Mass. App. Ct. 169, 174 (1981); Leasecomm Corp. v. Crockett, supra at 3. In this case, there is no dispute that the personal guaranty was the inducement to sell the equipment to the realty company to be used at the restaurant By their actions, the parties agreed that the contract for sale and the guaranty would be combined as one event A contrary interpretation would make no sense and the only conclusion is that these agreements must be viewed as one contract As a result, the transaction was binding on all three defendants.
For the above stated reasons, the motion of the defendants to dismiss the complaint under Massachusetts Rules of Civil Procedure, Rule 12(b) (2) and (3) should have been denied. Therefore, we order that the Clerk/Magistrate of the Spring *194 field District Court enter an order vacating the allowance of the Motion to Dismiss filed by the defendants and enter an order on the docket indicating that the motion is denied.