Merrick, J.
This is an action in contract to recover for goods and services provided by plaintiff Larchmont Engineering and Irrigation, Inc. (“Larchmont”), a Massachusetts corporation, to the nonresident defendants. After trial, judgment was entered for Larch-mont against defendant Jade Realty Corp. (“Jade”).[3] The sole issue raised by Jade’s Dist./Mun. Cts. R. A. D. A., Rule 8A appeal is the propriety of the trial court’s exercise of long-arm personal jurisdiction over the defendant.
*188 Jade, a New Hampshire corporation, was in need of a sprinkler and irrigation system for a golf course it was developing in Greenland, New Hampshire. Unaware that Larch-mont maintained a place of business in New Hampshire, Jade’s president, defendant Edward H. Fillmore, telephoned Larchmont at its office in Lexington, Massachusetts on July 6, 1993. Larchmont responded by sending an employee to Jade’s location in New Hampshire. Larchmont thereafter prepared designs for a sprinkler system which were delivered by Larchmont employee Stephen P. Butler to Jade in New Hampshire. There was no charge for the designs, which were apparently prepared as an inducement for Jade to purchase the sprinkler system from Larchmont.
On or about July 16, 1993, Jade accepted Larchmont’s bid to provide materials and do at least some of the required installation work. Larchmont then forwarded a credit application to Jade which Jade had to complete and return for approval before Larch-mont would ship materials on credit. Jade returned the completed application by mail to Larchmont’s Massachusetts office, and Larchmont began shipping goods to Jade in August, 1993. All materials were delivered and all services were provided in New Hampshire.
In September, 1993, Jade made a partial payment on invoices mailed by Larchmont. A subsequent dispute between the parties, the merits of which are not here pertinent, resulted in Jade withholding payment on the contract balance and Larchmont commencing this action. Larchmont served Jade in New Hampshire pursuant to G.L.c. 223A, §3(a), the Massachusetts “Long Arm” statute.
Jade filed a Mass. R. Civ. R, Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction[4] which was denied, and the case proceeded to trial before a second judge. At the close of all the evidence at trial, Jade filed requests for rulings of law on the issue of personal jurisdiction upon which the trial judge declined to rule.[5] Following the entry of judgment for Larchmont, Jade appealed.
1.A nonresident defendant’s challenge to the court’s exercise of personal jurisdiction over him necessitates a two-fold inquiry as to (1) whether the assertion of jurisdiction is authorized by statute, and (2) if authorized, whether such assertion is consistent with the due process guarantees of the United States Constitution. Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 3 (1979); Connecticut Nat’l Bank v. Hoover Treated Wood Products, Inc., 37 Mass. App. Ct. 231, 233 (1994). The plaintiff bears the burden of establishing the facts upon which a determination of personal jurisdiction may be made. Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978); Balloon Bouquests, Inc. v. Balloon Telegrams Delivery, Inc., 18 Mass. App. Ct. 935 (1992). As the caselaw indicates, such determination is particularly “sensitive to the facts in each case.” Good Hope Industries, Inc. v. Ryder Scott Co., supra at 2.
2. As to the first prong of the jurisdictional test, G.L.c. 223A, §3(a) authorizes the exercise of jurisdiction over a person in an action “arising from the person’s (a) transacting any business in this commonwealth.” G.L.c. 223A constitutes an “assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States,” *189 “Automatic” Sprinkler Corp. of America v. Seneca Foods Corp., 361 Mass. 441, 443 (1972), and Section 3(a) of the statute pertaining to the transacting of business must be “construed broadly.” Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994); Heins v. Wilhelm Loh Wetzlar Optical Mach. GmbH & Co. KG., 26 Mass. App. Ct. 14, 17 (1988). On the basis of its having entered into the purchase contract from which this action arises, Jade may be deemed literally to have transacted business in this Commonwealth within the meaning of G.L.c. 223A, §3(a). “Automatic” Sprinkler Corp. of America v. Seneca Foods Corp., supra at 444-445.[6]
3. The second jurisdictional test of constitutional due process has been restated as whether the foreign corporation has established “certain minimum contacts” with the forum state so that the maintenance of the suit does not offend “traditional notions of fair play and substantial justice.” International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). “[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.” Hanson v. Denckla, 357 U.S. 235, 253 (1958); “Automatic” Sprinkler Corp. of America v. Seneca Foods Corp., supra at 444.
Jade is a New Hampshire corporation not engaged in interstate commerce. Jade maintains no place of business, and has no real estate or other assets, in this Commonwealth. None of its employees ever conducted any business in Massachusetts in dealing with Larchmont, and Larchmont’s contractual services were provided in New Hampshire and consisted primarily of improvements to New Hampshire realty. The undisputed facts in this case establish that Jade’s contacts with Massachusetts were limited exclusively to an initial telephone call from New Hampshire to Larchmont’s Lexington, Massachusetts office, a return of the credit application by mail to Massachusetts, partial payment of Larchmont invoices and a later telephone call complaining about late delivery of materials.
This case thus closely resembles “Automatic” Sprinkler in which the plaintiff seller, a corporation with locations in Massachusetts and several other jurisdictions, brought an action to recover the unpaid balance due for a machine it sold to the defendant buyer, located in New York. The defendant buyer initiated the transaction with a call to the plaintiff seller’s office in New Jersey, and was referred to plaintiff’s salesman in Canada who then visited the defendant’s place of business in New York and there negotiated the sale. A week later, the defendant buyer signed a purchase order and mailed it to plaintiff’s Massachusetts division. The machine was constructed in plaintiff’s Ohio division and shipped to the defendant in New York. A formal acknowledgment of the purchase order and invoices were mailed from the plaintiff’s Massachusetts division to the defendant in New York. The defendant mailed two partial payments to the plaintiff in Massachusetts. On these facts, the Supreme Judicial Court held:
We conclude that there were insufficient contacts here to make the defendant subject to our long arm statute. The impact upon commerce in Massachusetts was slight and ... the present defendant did not ‘purposefully ... [avail] itself of the privilege of conducting activities within the forum state.’
*190 “Automatic ” Sprinkler Corp. of America v. Seneca Foods Corp., supra at 446. Jade’s contacts with Massachusetts are also similar to, but fewer than, the defendant’s in Nichols Assoc., Inc. v. Starr, 4 Mass. App. Ct. 93 (1976), in which a Massachusetts land surveying corporation sought to recover payment for its services to a Connecticut land developer. The bulk of the work was performed at the plaintiff’s office in Massachusetts and usually delivered to the defendant’s location in Connecticut, although the defendant occasionally picked up maps or other documents at the plaintiff’s Massachusetts office. These activities were held to have had an insufficient impact on Massachusetts commerce to warrant the assertion of jurisdiction.
It is clear that Jade “participated in an isolated transaction without commercial consequences in Massachusetts,” Good Hope Indus., Inc. v. Ryder Scott Co., supra at 9, and that such conduct was insufficient to subject it to a constitutionally permissible assertion of jurisdiction by a Massachusetts court. See also Splaine v. Modern Electroplating, Inc., 17 Mass. App. Ct. 612, 619 (1984). Jade’s argument against jurisdiction is also strengthened by its status as the buyer in this transaction. In regard to the Nichols case, the Court in Good Hope Industries noted:
It is significant in Nichols... that the plaintiff had performed services for the nonresident defendant. The attachment of jurisdiction over the defendant might well have implied that under [G.L.c. 223A,] §3 (a) all purchasers could be rendered subject to long arm jurisdiction. So broad an interpretation would have promoted the unwanted result of discouraging foreign purchasers from dealing with resident sellers for fear of having to engage in litigation in distant courts.
Id. at 9, n. 14, citing Whittaker Corp. v. United Aircraft Corp., 482 F.2d 1079 (1st Cir. 1975).[7]
In short, in the absence of evidence of other contacts with Massachusetts, the facts presented as to the isolated transaction involved here do not warrant the assertion of long arm jurisdiction over Jade. The court’s denial of Jade’s Rule 12(b)(2) motion to dismiss was error. The court’s judgment for Larchmont against Jade is hereby reversed and vacated, and a judgment of dismissal as to Jade is to be entered.
So ordered.

 Judgment was also entered against Larchmont in favor of the individual defendant, a corporate officer of Jade. Larchmont neither appealed this judgment, nor filed a written brief to this Division on Jade’s present appeal.

 Because of our decision herein, we need not discuss Jade’s appeal of the denial of its motion to dismiss on the ground of forum non conveniens. We note, however, that nothing in the present case appears to remove it from the ambit of the general rule that such motions are addressed to the trial court’s discretion, the exercise of which is entitled to the normal deference on appeal. W. R. Grace & Co. v. Hartford Accid. & Indem. Co., 407 Mass. 572, 584 (1990).

 In refusing to rule on the merits of the personal jurisdiction issue, the trial judge noted that the facts in evidence at trial were the same undisputed facts presented in the parties’ pre-trial affidavits, memoranda and oral arguments to the motion judge who made findings and rulings in conjunction with his denial of Jade’s Rule 12(b)(2) motion. Although the trial judge declined to “revisit” the issue, he was free to reconsider it as no judgment had been entered at that point. See Oyegbola v. DeSimone, 1996 Mass. App. Div. 67, 68-69. Jade’s appellate rights on the issue are preserved in any event.

 As discussed infra, this case is very similar to “Automatic" Sprinkler in which the nonresident defendant’s contacts with Massachusetts were limited to mailing a purchase order to confirm the contract and a check in partial payment to plaintiff’s Worcester office, and receiving a letter and an invoice mailed from Massachusetts. Nevertheless, the Supreme Judicial Court noted in Good Hope Indus., Inc. v. Ryder Scott Co., supra at 8, n. 13 that the defendant in “Automatic” Sprinkler “might be viewed literally as having ‘transacted] business’ in Massachusetts.” See also Haddad v. Taylor, 32 Mass. App. Ct. 332, 335 (1992).

 “[W]e conclude that the primary contact these two defendants had with Massachusetts was Whittaker’s performance of their contracts within the Commonwealth. The remainder of their activities may properly be characterized as ‘ancillary’ to the placement of these orders. While entering into a manufacturing agreement with the resident of a forum has been held to support long arm jurisdiction [citations omitted], this result has been severely criticized as rendering all purchasers subject to long arm jurisdiction [citations omitted]. Further, the interest of the forum in not discouraging foreign purchasers from dealing with resident sellers for fear of having to engage in litigation in distant courts undercuts such an expansive interpretation.” Id. at 1085.