Curtin, J.
This is a Dist./Mun. Cts. R. A D. A, Rule 5 report by the trial judge of his denial of the defendant’s motion to dismiss on the grounds of lack of personal jurisdiction and forum non conveniens.
The facts are not in dispute. Plaintiff Robert Stanton (“Stanton”), a Massachusetts resident, filed this personal injury action against AM General Corporation (“General”), a Delaware corporation with both a principal place of business and a manufacturing facility in Indiana. Stanton, a self-employed independent trucker, claims that he was injured on January 23,1995, when he slipped and fell on ice during a snow storm while delivering automobile component parts to General at its Indiana facility. General purchased the component par ts from American Acoustical Company, located in Massachusetts. General arranged for the delivery of the parts by separately contracting with Roadway Express, an Ohio company. Roadway Express is the parent company of Roberts Express. Stanton delivered the goods pursuant to a contract he had with Roberts Express. The Roberts Express shipping invoice named General as consignee. Stanton did not have any contractual relationship with General.
General manufactures the “Hummer” automobile at its Indiana facility. It sells *41 these automobiles to a dealership in Boston, which is a separate and distinct corporate entity from General and independently owned and operated.[1]
General has no business operations in Massachusetts, nor does it maintain an office, have a bank account, own property or maintain a telephone within the Commonwealth. General is not registered to do business here and has not designated an agent to accept service of process in Massachusetts. Stanton effected service upon General by serving General’s registered agent in Indiana.
1. A non-resident defendant’s challenge to the court’s exercise of personal jurisdiction over him necessitates a two-fold inquiry as to whether the assertion of jurisdiction is (1) authorized by stature, and (2) consistent with the due process guarantees of the United States Constitution. Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979); Cunningham v. Ardrox, Inc., 40 Mass. App. Ct. 279, 280-281 (1996). The plaintiff bears the burden of establishing the facts upon which a determination of personal jurisdiction may be made. Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978); Connecticut Nat’l Bank v. Hoover Treated Wood Products, Inc., 37 Mass. App. Ct. 231, 233 (1994). As the case law indicates, such determination is particularly “sensitive to the facts of each case.” Good Hope Indus., Inc. v. Ryder Scott Co., supra at 2.
2. Section 3(a) of G.L.c. 223A authorizes the exercise of jurisdiction over a person in an action “arising from the person’s (a) transacting any business in the Commonwealth.” Stanton argues that his claim arises directly from General’s purchase of automobile component parts from a Massachusetts company, which hired a shipper who predictably hired a Massachusetts trucker, Stanton, to deliver the goods. General’s single purchase of parts, however, from a Massachusetts supplier is insufficient, without more, to constitute transacting business under G.L.c. 223A, §3 (a). The Supreme Judicial Court has rejected the argument that all non-resident purchasers are subject to Massachusetts longarm jurisdiction, New Hampshire Ins. Guar. Assn. v. Markem Corp., 424 Mass. 344, 350 (1997), because such an interpretation of §3 (a) would “promote the unwanted result of discouraging foreign purchasers from dealing with resident sellers for fear of having to engage in litigation in distant courts.” Good Hope Indus., Inc. v. Ryder Scott Co., supra at 9 n. 14. See also, Telco Comm., Inc. v. New Jersey St. Firemen’s Mut. Benev. Assn., 41 Mass. App. Ct. 225, 232 (1996); Larchmont Eng. & Irrigation, Inc. v. Jade Realty Corp., 1996 Mass. App. Div. 187, 190.
Stanton has advanced no other jurisdictional basis apart from this apparently isolated instance of General’s purchase of parts from a Massachusetts seller. The record is devoid of any additional information that General contracted with this seller or any other Massachusetts company for the purchase of goods or services. It was incumbent upon Stanton, as the party with the burden of proof, to have engaged in any necessary discovery and to have provided the court with evidence of contacts with, or activities in, this Commonwealth by General which would be cognizable under G.L.c. 223A §3 (a) as “transacting business” in Massachusetts. Stanton has failed to satisfy that burden.
Stanton argues that the combination of General’s purchase of automobile parts from a Massachusetts company and its sale of its “Hummer” vehicles to a Boston dealership is sufficient to satisfy the “transacting business” requirements of §3(a). However, the statute obligated Stanton to demonstrate not only that General transacted business in this State, but also that Stanton’s injuries arose from such transaction of business. New Hampshire Ins. Guar. Assn. v. Markem Corp., supra at 347: Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994); Good Hope Indus., Inc. v. Ryder Scott Co., supra at 6-7. Clearly, Stanton's fall during a snowstorm in Indiana *42 was unrelated to any sale by General of its vehicles in Boston. Further, Stanton’s injuries at least arguably arose not from General’s purchase of automobile component parts, but from Stanton’s own contract with Roberts Express, the carrier which brought him to Indiana.
3. Stanton fares no better in his reliance on G.L.c. 233, §38[2] as a basis for personal jurisdiction herein. A trial court may assert jurisdiction over a foreign corporation pursuant to §38 when:
the corporation's activities affect the commerce of Massachusetts substantially so that the state has an interest in regulating the general conduct of those activities (‘doing business’), or... the corporation’s activities in Massachusetts have so affected the particular transaction at issue that it is appropriate to hear the claim in a Massachusetts court. We are not satisfied that jurisdiction would obtain in the absence of both these conditions [citations omitted].
Caso v. Lafayette Radio Electronics Corp., 370 F.2d 707, 712 (1st Cir. 1966). As noted, Stanton has not demonstrated that General’s sale of its automobile to a Boston dealership had any affect on, or connection with, his injuries. Moreover, Stanton has failed to establish that General’s activities in Massachusetts are so extensive and systematic that they approximate the regular conduct of a domestic corporation and amount to “doing business” within the Commonwealth. Howse v. Zimmer Mfgr. Co., 757 F.2d 448, 451 (1st Cir. 1985); Caso v. Lafayette Radio Electronics Corp., supra at 711-712. To the contrary, General’s only business relationship with Massachusetts is the sale of motor vehicles to an independent dealership in Boston, and the volume and conduct of such sales remain undisclosed. General does not have an office, telephone,.employees, bank accounts or property in Massachusetts. In short, General does not conduct business here.
Accordingly, as no statutory basis for the trial court’s proper exercise of personal jurisdiction over defendant AM General Corporation has been demonstrated, General’s motion to dismiss should have been allowed. The trial court’s denial of General’s Mass. R. Civ. R, Rule 12(b)(2) motion is hereby reversed, and a judgment of dismissal is to be entered.[3]
So ordered.

 Stanton apparently never conducted any discovery regarding the volume and nature of General’s business within the Commonwealth.

 Section 38 of G.L.c. 233 provides: “In any action against a foreign corporation, except an insurance company, which has a usual place of business in the commonwealth, or, with or without such usual place of business, is engaged in or soliciting business in the commonwealth, permanently or temporarily, service may be made in accordance with the provisions of the preceding section relative to service on domestic corporations in general, instead of upon the state secretary under section fifteen of chapter one hundred and eighty-one.”

 As personal jurisdiction over the defendant was not established, it is unnecessary to address the issue of forum non conveniens. See Green v. Manhattanville College, 40 Mass. App. Ct. 76, 78 (1996).